IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA (TDCJ No. 356764), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-1426-L-BN |
| WESLEY GRIFFINS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* action has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless Plaintiff Ismael Hernandez Padilla pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

**Applicable Background**

Padilla is a frequent litigant in this Court. *See, e.g., Padilla v. Stephens*, No. 3:14-cv-295-N-BH, 2014 WL 1016096, at *2 (N.D. Tex. Mar. 14, 2014) (recounting that, at that time, more than three years ago, Padilla already had "filed multiple federal habeas petitions challenging his convictions and the denial of parole that were either

-1-

denied on their merits, denied as time barred, or dismissed or transferred to the Fifth Circuit as successive petitions" and also had "filed a federal petition challenging the time credits he has received after his parole was revoked in 2002 the denial of parole, that was denied as barred by the statute of limitations" (collecting cases)).

The United States Court of Appeals for the Fifth Circuit has recognized that "Padilla has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g)." *Padilla v. Pride-Richardson*, 533 F. App'x 442, 442-43 (5th Cir. 2013) (per curiam) (citing *Padilla v. Watkins*, 491 F. App'x. 484, 485 (5th Cir. 2012), and "reiterat[ing] that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury.' § 1915(g).").

And, based on prior sanction orders from the Fifth Circuit and this Court, Padilla is barred from filing any pleadings that challenge his 1983 state convictions for robbery and rape, *see State v. Padilla*, Nos. F82-90756 & F83-88766, until a $100.00 sanction is paid in full, unless he first obtains leave of the court in which he seeks to file his pleadings, *see Padilla v. Stephens*, No. 3:14-cv-779-B-BK, Dkt. Nos. 5 & 6 (N.D. Tex. 2014); *see also Padilla v. Stephens*, No. 14-10473 (5th Cir. June 8, 2014); *In re Padilla*, 14-10307 (5th Cir. June 18, 2014); *In re Padilla*, 14-10344 (5th Cir.).

Through this current action under 42 U.S.C. § 1983, Padilla alleges that the "[d]efendants conspired to illegally return [him] back to prison on [a] fabricated charge of parole violation" and, once he again was incarcerated, he was denied various

-2-

constitutional protections. Dkt. No. 3 at 4.

Padilla has neither paid the filing fee nor moved for leave to proceed *in forma pauperis* (IFP).

## Legal Standards and Analysis

A prisoner may not proceed IFP if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under

imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd,* 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Padilla's current filing undoubtedly falls under the three-strikes provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks factual allegations to show that Padilla is in imminent danger of serious physical injury as to overcome Section 1915(g).

Padilla should therefore be barred from proceeding *in forma pauperis*. *See*

*Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g) unless Padilla pays the full filing fee of $400.00 within the time for filing objections to this recommendation or by some other deadline established by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 1, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE