IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ISMAEL HERNANDEZ PADILLA,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:17-CV-1426-L-BN** |
| | § | |
| **WESLEY GRIFFINS; ARTHUR** | § | |
| **MAGHALU; TEXAS DIRECTOR OF** | § | |
| **TEXAS PRISON SYSTEM; TEXAS** | § | |
| **DEPARTMENT OF PAROLE AND** | § | |
| **PARDONS DIRECTOR; and DALLAS** | § | |
| **COUNTY SHERIFF AND POLICE CHIEF,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

The case was referred to Magistrate Judge David L. Horan, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on June 2, 2017, recommending that the court summarily dismiss without prejudice this action pursuant to 28 U.S.C. § 1915(g), unless Plaintiff Ismael Hernandez Padilla ("Plaintiff") pays the full filing fee of $400 within the time for filing objections to this recommendation or by some other deadline established by the court. In support of the Report, the magistrate judge notes that Plaintiff has filed numerous civil actions in federal court; that the Fifth Circuit has determined that Plaintiff has accumulated at least three strikes for purposes of § 1915(g); and that Plaintiff does not satisfy the imminent danger exception to the "three strikes" bar applicable to prisoner lawsuits. Report 2-4.

After entry of the Report, Plaintiff filed a Motion to Reopen Case (Doc. 6) on June 2, 2017; a Motion to Show the Court that 28 U.S.C. § 1915 Does Not Apply (Doc. 7) and an Affidavit (Doc. 7-1) on June 20, 2017, which the court **construes** as objections to the Report; and a Motion for

Order – Page 1

Leave to Proceed In Forma Pauperis (Doc. 8) on June 20, 2017. Plaintiff, however, did not pay the filing fee within the time for filing objections and has not sought an extension to do so. Moreover, the conclusory contentions and statements in Plaintiff's objections and Affidavit regarding alleged constitutional violations are insufficient to satisfy section 1915(g)'s imminent danger exception for prepayment of fees. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). In addition, as noted in the Report, the Fifth Circuit has determined that Plaintiff has accumulated at least three strikes for purposes of § 1915(g).

Accordingly, after carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **overrules** Plaintiff's objections (Doc. 7). Accordingly, the court **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g) for failure to pay the filing fee. Further, in light of its section 1915(g) ruling, the court **denies** Plaintiff's Motion to Reopen Case (Doc. 6); and **denies** Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 8).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days

of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the $505 fee in full immediately. As provided above, however, Plaintiff may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 11th day of January, 2018.

Sam A. Lindsay
United States District Judge